# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN M. COLLINS, JAY & ANDREW YOUNT FAMILY PRESERVATION SOCIETY, INC., and JAY DEE YOUNT, | 1:10-cv-00430 AWI GSA |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS WITHOUT LEAVE TO AMEND AND GRANTING PLAINTIFFS LEAVE TO AMEND OTHER CLAIMS |
| v. | (Document 4) |
| THE PLANNING COMMISSION OF THE CITY OF MADERA, CALIFORNIA, DENNIS WRIGHT, KENNY SHOETTLER and WILLIE HIBDON, | ORDER REGARDING APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES |
| Defendants. | (Documents 5-7) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

On April 12, 2010, Plaintiffs filed a First Amended Complaint ("FAC") in this matter. (Doc. 4.) The complaint is signed by Jay D. Yount, Nancy Yount and Lynn M. Collins, as President, Vice President and Secretary, respectively, of the Jay & Andrew Yount Family Preservation Society, Inc. Named defendants include the Madera City Planning Commission, Dennis Wright, Kenny Schoettler and Willie Hibdon.

1

**DISCUSSION**

**A.**     *Screening Standard*

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  A frivolous claim is based on an

1   inarguable legal conclusion or a fanciful factual allegation. *Id.* A federal court may dismiss a

2   claim as frivolous if it is based on an indisputably meritless legal theory or if the factual

3   contentions are clearly baseless. *Id.*

4        **B.    *The Parties***

5        Jay D. Yount, Nancy Yount and Lynn M. Collins, as President, Vice President and

6   Secretary, respectively, of the Jay & Andrew Yount Family Preservation Society, Inc. ("YFPSI"),

7   seek relief from various defendants. It is not clear whether Plaintiffs seek to bring claims as

8   individual Plaintiffs or whether they simply wish to assert the claims on behalf of YFPSI.

9        Plaintiffs are advised that a "corporation may appear in the federal courts only through

10  licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721

11  (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993);

12  *see also Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824);

13  *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of

14  cases" from 1824 to the present holding that a corporation may only be represented by licensed

15  counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S.

16  at 202. Additionally, this Court's Local Rule 183(a) provides: "A corporation or other entity may

17  appear only by an attorney." Jay D. Yount, Nancy Yount and Lynn M. Collins are not licensed to

18  practice law and therefore may not bring suit on behalf of YFPSI.

19       Because it is not clear from the FAC whether Plaintiffs seek to assert claims in their

20  individual capacities, or only on behalf of YFPSI, they will be given an opportunity to amend

21  their complaint accordingly.

22       **C.    *Rule 8(a)***

23       As Rule 8(a) of the Federal Rules of Civil Procedure states, a complaint must contain "a

24  short and plain statement of the claim." The rule expresses the principle of notice-pleading,

25  whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*,

26  355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a

27

28                                         3

1  plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant

2  fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*., at 47.

3     Plaintiffs will be given an opportunity to amend portions of their complaint to comply

4  with Rule 8(a).  In the paragraphs that follow, the Court will provide Plaintiffs with the legal

5  standards that appear to apply to their claims.  Plaintiffs should carefully review the standards

6  and amend only those claims that they believe, in good faith, are cognizable.  Plaintiffs are

7  advised that their second amended complaint must contain all necessary allegations.  Moreover,

8  if Plaintiffs wish to allege causes of action, they must separate each claim and state facts in

9  support of each individual claim against each defendant.

10     **D.   *Plaintiffs' Allegations***

11     Plaintiffs appear to assert some twenty-four causes of action.[1]  Statutory references have

12  been included at the conclusion of the numbered paragraphs.  Generally speaking, Plaintiffs

13  allege violations of "the Brown Act or S.B. 1732," California Civil Code section 1573, California

14  Business and Professions Code section 17001, California Government Code sections 65583 and

15  65589.5, and Title 18 of the United States Code sections 241, 242 and 245.  Apparently these

16  purported violations occurred during a September 8, 2009, meeting regarding Plaintiffs'

17  application for a Conditional Use Permit to operate a "room and board" home in Madera County.

18  Plaintiffs assert certain members of the Planning Commission acted improperly, and as a result,

19  have violated various statutory regulations and Plaintiffs' civil rights.  (Doc. 4 at 2-8.)

20     Plaintiffs seek monetary relief of $375,000.00 to YFPSI because it "suffered at the hands

21  of the Madera Planning Commission."  Plaintiffs also seek an order of this Court "approv[ing]

22  and validat[ing] the Conditional Use Permit [of YFPSI] in the City and County of Madera . . .."

23

24  _____

25  [1]This Court has construed the numbered paragraphs in Plaintiffs' amended complaint to be separate causes of action.  A "cause of action" is defined as "[a] group of operative facts giving rise to one or more bases for suing . . .."  Black's Law Dictionary 251 (9th ed. 2009).

26  Plaintiffs are cautioned they must separate each claim separately, state the facts in support of

27  each individual claim, against each defendant.

28                                    4

(Doc. 4 at 8.)  Finally, Plaintiffs ask this Court to "have all negative comments stricken from the September 8, 2009, notes of the Planning Commission made against . . . Lynn M. Collins," and that Collins and YFPSI be awarded punitive damages.  (Doc. 4 at 9.)

### 1.    The Brown Act

Plaintiffs assert a number of purported violations of the "Brown Act or S.B. 1732."  (Doc. 4 at 2-8, ¶¶ 1, 5, 9, 11-13, 18-19.)

"The Brown Act requires that most meetings of a local agency's legislative body be open to the public for attendance by all." *Los Angeles Times Communications v. Los Angeles County Bd. of Supervisors*, 112 Cal.App.4th 1313, 1321, 5 Cal.Rptr.3d 776 (2003).  Its objectives include facilitating public participation in local government decisions and curbing misuse of the democratic process by secret legislation. *Fischer v. Los Angeles Unified School Dist.*, 70 Cal.App.4th 87, 95, 82 Cal.Rptr.2d 452 (1999).  The Legislature declared its intent in enacting the Brown Act as follows:

> In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. [¶] The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created.

Cal. Govt. Code, § 54950.

> "[R]ecourse to the courts for judicial relief is authorized in the event legislative body violates the Brown Act. Section 54960, subdivision (a), provides that any interested person may commence "an action by mandamus, injunction or declaratory relief for the purpose of stopping or preventing violations or threatened violations of this chapter by members of the legislative body of a local agency...." Section 54960.1, subdivision (a), provides that any interested person may commence an action "by mandamus or injunction for the purpose of obtaining a judicial determination that an action taken by a legislative body of a local agency in violation of Section 54953, 54954.2, 54954.5, 54954.6, 54956, or 54956.5 is null and void under this section."

*Galbiso v. Orosi Public Utility Dist.,* 167 Cal.App.4th 1063, 1076-77, 84 Cal.Rptr.3d 788

1  (2008).  Furthermore, before commencing such a proceeding, the interested person must demand

2  in writing that the legislative body cure or correct the violation.  Cal. Govt. Code, § 54960.1(b);

3  *Bell v. Vista Unified School Dist.*, 98 Cal.Rptr.2d 263, 82 Cal.App.4th 672 (2000).

4      "Either the district attorney or any interested person may bring an action for mandamus or

5  injunctive or declaratory relief in order to stop or prevent violations of the Brown Act "or to

6  determine the applicability of this chapter to actions or threatened future action of the legislative

7  body . . .. ([Cal. Govt. Code,] § 54960, subd. (a).)"  *Los Angeles Times Communications LLC v.*

8  *Los Angeles County Bd. of Supervisors,* 112 Cal.App.4th at 1322.

9      Plaintiffs have not indicated they seek an injunction or declaratory relief, nor is this action

10  a mandamus action.  A mandamus action in a district court is permitted pursuant to Title 28 of

11  the United States Code section 1361.[2]  Here however, this Court does not have jurisdiction in the

12  nature of mandamus to compel a member of the Madera Planning Commission to perform a duty

13  as that entity and its members are not officers or employees of the United States or its agencies.

14      Thus, because this Court does not have jurisdiction, granting Plaintiffs leave to amend

15  would be futile.  Therefore, it will be recommended that any allegations pertaining to violations

16  of the Brown Act be dismissed without leave to amend.

17      **2.    California Civil Code section 1573**

18      Plaintiffs allege violations of California Civil Code section 1573 in paragraphs 1, 4, 6

19  through 7, and 13 through 16.  (Doc. 4 at 2-8.)

20      California Civil Code section 1573, provides as follows:

21      Constructive fraud consists:
22      1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or,
23      2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud.

26  [2]That statute provides: "The district courts shall have original jurisdiction of any action in

27  the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

28                                    6

1   To state a claim for constructive fraud, a party must allege (1) a fiduciary or confidential

2   relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance;

3   and (4) resulting damage. *Assilzadeh v. California Federal Bank*, 82 Cal.App.4th 399, 414, 98

4   Cal.Rptr.2d 176 (2000).  A plaintiff does not need to establish fraudulent intent, so long as the

5   parties are in "a fiduciary or confidential relationship." *See Salahutdin v. Valley of Cal.*, 24

6   Cal.App.4th 555, 562, 29 Cal.Rptr.2d 463 (1994).

7           Here, Plaintiffs have failed to allege they were in a fiduciary or confidential relationship

8   with the named defendants.  The facts alleged in the FAC, even if liberally construed, are not

9   sufficient to state a cause of action for constructive fraud because "only a fiduciary can be liable

10  for constructive fraud," and there are no allegations to support a finding that the named

11  defendants owed a fiduciary duty toward Plaintiffs. *Everest Investors 8 v. Whitehall Real Estate*

12  *Limited Partnership XI*, 100 Cal.App.4th 1102, 1108 (2002).  Nor do Plaintiffs allege reliance.

13          Because Plaintiffs cannot establish the existence of a fiduciary or confidential relationship

14  with any defendant, amendment would be futile.  Therefore, it will be recommended that any

15  allegations regarding violations of California Civil Code section 1573 be dismissed without leave

16  to amend.

17              **3.    California Business and Professions Code section 17001**

18          Plaintiffs allege violations of California Business and Professions Code section 17001 in

19  paragraphs 1 and 21.  (Doc. 4 at 2 & 8.)

20          California Business and Professions Code section 17001 provides:

21              The Legislature declares that the purpose of this chapter is to safeguard the
            public against the creation or perpetuation of monopolies and to foster and
22          encourage competition, by prohibiting unfair, dishonest, deceptive, destructive,
            fraudulent and discriminatory practices by which fair and honest competition is
23          destroyed or prevented.

24  Section 17001 does not give rise to a claim or cause of action.  Rather, it merely states the

25  purpose behind the legislation.

26

27

28                                              7

Plaintiffs are advised that California Business and Professions Code section 17200 et seq is a statutory scheme that prohibits "unlawful, unfair or fraudulent business act or practice." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999) (prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made").

"Unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise specifically threatens or harms competition." *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). The "fraudulent" prong requires plaintiff to "show deception to some members of the public, or harm to the public interest." *Watson Laboratories, Inc. v. Thone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C. D. Cal. 2001). A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct. *United Farm Workers of Am., AFL-CIO v. Dutra Farms*, 83 Cal.App.4th 1146, 1163, 100 Cal.Rptr.2d 251 (2000); *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1122 (E.D. Cal. 2009).

To state a claim, Plaintiffs must specifically allege: (1) what acts by Defendants were unlawful, unfair or fraudulent; (2) indicate what harm was suffered; and (3) indicate that Defendants were the substantial factor in causing Plaintiffs harm. As it stands, Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs will be provided leave to amend and an opportunity to correct these deficiencies.

### 4. California Government Code sections 65583 & 65589.5

Plaintiffs allege violations of California Government Code sections 65583 and 65589.5 in paragraphs 2 through 4, 17 through 19 and 21 through 22. (Doc. 4 at 3-4, 6-8.)

Plaintiffs reference California Government Code section 65583, but fail to indicate what subdivisions are applicable to this action or how a violation may have occurred. This lengthy

statute concerns planning and land use, and more particularly, the contents of a housing element, rezoning and enforcement.  Plaintiffs do not explain how this "Housing Element Law" was violated.  Plaintiffs also reference California Government Code section 65589.5, but again fail to indicate what portion or portions of the statute are applicable to the action.  This equally lengthy statute concerns Legislative findings regarding housing and shelter, affordability of housing development projects, written findings required prior to disapproval or conditional approval, compliance with other laws and enforcement.  Plaintiffs do not explain how this "Housing Accountability Act" was violated.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

Plaintiffs will be given leave to amend their complaint.  Plaintiffs are cautioned that in order to state a claim they must give fair notice of the claim being asserted and the grounds upon which it rests.  Merely alleging a wrong has been committed and demanding relief will not suffice. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

### 5.  Title 18 of the United States Code Sections 241, 242 & 245

Plaintiffs allege numerous violations pursuant to Title 18 of the United State Code.  (Doc. 4, ¶¶ 8, 10, 17, 19-20, 23.)

Section 241 of Title 18 of the United States Code makes it a crime for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States.  Section 242 makes it a crime to deprive another of such rights, under color of law, on account of alienage, color or race.  Section 245 permits federal prosecution for interference with certain federally protected rights.

1    "These criminal provisions, however, provide no basis for civil liability."  *Aldabe v.*

2    *Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980); *see also Moore v. Kamikawa*, 940 F.Supp. 260, 265

3    (D.Hawai'i 1995) (criminal conspiracy statutes, making it a crime for two or more persons to

4    conspire to deprive another of rights secured by the Constitution or laws of the United States or

5    to deprive another of such rights, under color of law, on account of alienage, color, or race,

6    provided no basis for civil liability); *John's Insulation, Inc. v. Siska Const. Co., Inc*., 774 F.Supp.

7    156 (S.D.N.Y. 1991) (federal criminal statute which permits federal prosecutions for interference

8    with federally protected rights confers neither substantive rights nor private right of action for

9    damages).

10    Plaintiffs cannot state claims pursuant to Title 18 of the United States Code sections 241,

11    242 and 245.  Thus, granting leave to amend on this basis would be futile.

12    However, to the degree Plaintiffs may be attempting to assert a claim or claims pursuant

13    to section 1983 of Title 42 of the United States Code, the Civil Rights Act provides as follows:

14         Every person who, under color of [state law] . . . subjects, or causes to be
          subjected, any citizen of the United States . . . to the deprivation of any rights,
15         privileges, or immunities secured by the Constitution . . . shall be liable to the
          party injured in an action at law, suit in equity, or other proper proceeding for
16         redress.

17    42 U.S.C. § 1983.

18    Thus, to state a claim under section 1983, a plaintiff must allege that (1) the defendant

19    acted under color of state law, and (2) the defendant deprived him of rights secured by the

20    Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.

21    2006).  The statute plainly requires that there be an actual connection or link between the actions

22    of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v.*

23    *Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

24    Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

25    right, within the meaning of section 1983, if he does an affirmative act, participates in another's

26    affirmative acts or omits to perform an act which he is legally required to do that causes the

27

28                                                    10

1   deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

2   Plaintiffs are advised that to state a claim for relief under section 1983, Plaintiffs must link each

3   named defendant with some affirmative act or omission that demonstrates a violation of

4   Plaintiffs' federal rights.

5          To the degree Plaintiffs are attempting to assert a conspiracy to interfere with their civil

6   rights, they are directed to Title 42 of the United States Code section 1985(3).

7          A claim brought for violation of section 1985(3) requires

8          four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or
       indirectly, any person or class of persons of the equal protection of the laws, or of
9      equal privileges and immunities under the laws; and (3) an act in furtherance of
       this conspiracy; (4) whereby a person is either injured in his person or property or
10     deprived of any right or privilege of a citizen of the United States.

11

12  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).  A racial, or

13  perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of

14  a section 1985(3) claim.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001).

15  A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in

16  furtherance of the conspiracy.  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citing

17  *Sever v. Alaska Pulp Corp.*, 978 F.2d at 1536).  A mere allegation of conspiracy is insufficient to

18  state a claim.  *Id.*, at 676-77.

19         "'[T]he absence of a section 1983 deprivation of rights precludes a section 1985

20  conspiracy claim predicated on the same allegations.'"  *Thornton v. City of St. Helens*, 425 F.3d

21  1158, 1168 (9th Cir. 2005) (quoting *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir.

22  1989)).

23         To state a cause of action under section 1985(3), Plaintiffs must allege: (1) a conspiracy,

24  (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one

25  of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or

26  deprivation of any right or privilege of a citizen of the United States.  *Gillispie v. Civiletti*, 629

27

28                                                    11

1    F.2d 637, 641 (9th Cir. 1980); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790

2    (1971).  Section 1985 applies only where there is a racial or other class-based discriminatory

3    animus behind the conspirators' actions.  *Sever v. Alaska Pulp Corp.*, 978 F.2d at 1536.

4

5                    **APPLICATIONS TO PROCEED WITHOUT**
                     **PREPAYMENT OF FEES**

6

7           Plaintiffs Jay D. Yount, Nancy Yount and Lynn M. Collins each filed an Application to

8    Proceed Without Prepayment of Fees.  (*See* Docs. 5-7.)

9           Plaintiffs have each submitted a declaration that makes the showing required by Title 28

10   of the United States Code section 1915(a).  Accordingly, the requests to proceed in forma

11   pauperis ARE GRANTED.  28 U.S.C. § 1915(a).

12          Plaintiffs are advised that the applications submitted do not exempt the YFPSI from

13   paying the necessary filing fee, should Plaintiffs' second amended complaint also be brought on

14   that entity's behalf.  *See* subh. B, *ante*.

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   12

1

**CONCLUSION**

2        For the reasons set forth above, the Court RECOMMENDS that the following causes of

3 action be DISMISSED WITHOUT LEAVE TO AMEND:

4        1.     Plaintiffs' causes of action pertaining to California's Brown Act;

5        2.     Plaintiffs' causes of action pertaining to California Civil Code section 1573; and

6        3.     Plaintiffs' causes of action pertaining to Title 18 of the United States Code

7 sections 241, 242 and 245.

8        The Court recommends that the following causes of action be DISMISSED WITH

9 LEAVE TO AMEND:

10        1.     Plaintiffs' causes of action pertaining to Business and Professions Code section

11 17001; and

12        2.     Plaintiffs' causes of action pertaining to California Government Code sections

13 65583 and 65589.5.

14        Plaintiffs shall also address the Court's concerns in subheading B, *ante*, regarding the

15 necessity of legal representation of YFPSI.

16        Plaintiff are advised that when filing an amended complaint Plaintiffs shall consider the

17 instructions contained in this order.  Plaintiffs SHALL file a Second Amended Complaint within

18 thirty (30) days of the date of service of this order.  If Plaintiffs attempt to amend beyond the

19 assertions outlined above, the Court will recommend that the entire action be dismissed.

20 Plaintiffs are also advised that, if they fail to timely file a Second Amended Complaint, the Court

21 will recommend that this action be dismissed with prejudice on the grounds set forth above, as

22 well as for a failure to diligently prosecute this action.

23        These Findings and Recommendations will be submitted to the Honorable Anthony W.

24 Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).  Within

25 thirty (30) days after being served with these Findings and Recommendations, Plaintiffs may file

26 written objections with the Court.  The document should be captioned "Objections to Magistrate

27

28                            13

1   Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections

2   within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

3   *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4

5       IT IS SO ORDERED.

6   **Dated:**   **May 19, 2010**              _____/s/ **Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                           14