1
2
3
4
5
6
7
8 # UNITED STATES DISTRICT COURT

9 ## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 LYNN M. COLLINS, JAY & ANDREW YOUNT FAMILY PRESERVATION SOCIETY, INC., and JAY DEE YOUNT, | ) 1:10-cv-00430 AWI GSA )<br>) ORDER DISMISSING CASE ) |

12                                               ) (Document 9)

13              Plaintiffs,                        )
                                                   )
14        v.                                       )
                                                   )
15 THE PLANNING COMMISSION OF THE                  )
   CITY OF MADERA, CALIFORNIA,                     )
16 DENNIS WRIGHT, KENNY SHOETTLER                  )
   and WILLIE HIBDON,                              )
17                                                 )
                                                   )
18              Defendants.                        )
                                                   )
19 _____            )

20

21                    **INTRODUCTION**

22        Plaintiffs Lynn M. Collins and Jay D. Yount, appearing pro se and proceeding in forma

23 pauperis, and the Jay & Andrew Yount Family Preservation Society, Inc. ("YFPSI") for whom

24 status remains uncertain, filed a first amended complaint on April 12, 2010, after initial screening

25 of the original complaint by the Court.  (Doc. 4; *see also* Doc. 1.)  On May 19, 2010, the

26 magistrate judge issued Findings and Recommendations, recommending dismissal of certain

27

28                                    1

1    claims without leave to amend, and dismissal of others with leave to amend.  Plaintiffs were

2    provided thirty (30) days within which to (1) file a second amended complaint and (2) address

3    the legal representation status of YFPSI.  (Doc. 8.)   No objections were filed.

4           On June 29, 2010, this Court issued an Order Adopting the Findings and

5    Recommendations in full.  More particularly, Plaintiffs' claims pertaining to California's Brown

6    Act, California Civil Code section 1573 and Title 18 of the United States Code sections 241, 242

7    and 245 were dismissed *without* leave to amend, and the remaining claims were dismissed with

8    leave to amend.  Plaintiffs were ordered to file a third amended complaint no later than thirty

9    (30) days from the date of service of the Order.  (Doc. 9.)  As of this date, a third amended

10   complaint has not been filed with this Court.

11                                        **DISCUSSION**

12          Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

13   Rules or with any order of the Court may be grounds for imposition by the Court of any and all

14   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

15   control their dockets and "in the exercise of that power, they may impose sanctions including,

16   where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

17   Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

18   an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v.*

19   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

20   *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

21   order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

22   1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

23   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

24   for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

25   1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In

26   determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or

27

28                                              2

1  failure to comply with local rules, the Court must consider several factors: (1) the public's

2  interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the

3  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

4  merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;

5  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

6  *Ghazali*, 46 F.3d at 53.

7          In the instant case, the Court finds that the public's interest in expeditiously resolving this

8  litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case

9  has been pending since March 10, 2010, and there is no indication that Plaintiffs intend to

10  prosecute this action.  The third factor, risk of prejudice to defendants, also weighs in favor of

11  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

12  prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

13  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

14  factors in favor of dismissal discussed herein.

15          Finally, a court's warning to a party that his failure to obey the Court's order will result in

16  dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d

17  at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The June 29, 2010, order

18  requiring Plaintiffs to amend their complaint expressly stated: "Plaintiffs are also advised that if

19  they fail to timely file an amended Complaint, the Court will dismiss this action for failure to

20  follow the Court's order and diligently prosecute this action."  (Doc. 9 at 3.)  Thus, Plaintiffs

21  have had adequate warning that dismissal would result from noncompliance with the Court's

22  order.

23  //

24  //

25  //

26  //

27

28                                                    3

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that this action be DISMISSED for Plaintiffs' failure to comply with a court order.  The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:    August 5, 2010                            _____

                                                    CHIEF UNITED STATES DISTRICT JUDGE